[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S POST-JUDGMENT MOTION FOR CONTEMPT (DOCKET ENTRY NO. 136) AND DEFENDANT'S POST-JUDGMENT MOTION TO MODIFY CHILD SUPPORT (DOCKET ENTRY NO. 137)
Currently pending before the court are:
CT Page 8606 1. docket entry number 136, Defendant's Post-Judgment Motion for Contempt (dated September 8, 1999), and
2. docket entry number 137, Defendant's Post-Judgment Motion to Modify Child Support (dated 9/8/99).
The defendant has met her burden of proof to demonstrate that the plaintiff is in contempt of the court's order concerning unreimbursed dental/orthodontia expenses.
Despite the allegation of the plaintiff that there is some language in the judgment requiring advance notice to him for dental/orthodontia treatment, NO SUCH PROVISION EXISTS.
The plaintiff is ordered to pay one-half of all unreimbursed dental/orthodontia expenses within ten (10) days of this order. In addition, future unreimbursed dental/orthodontia expenses shall be paid within ten (10) days of submission to the plaintiff. Failure to pay, in a timely fashion, future expenses of this nature will lead the court to examine the full panoply of its remedies for punitive action.
Since the court specifically finds that the failure to pay was a wilful and wanton disregard of an existing court order, the plaintiff is ordered to pay the wife's attorney, Gregory Lynch, $250.00 as attorney's fees within ten (10) days of the issuance of this order.
By the plaintiff's own admission, he had notice of the wife's selection of a mental health professional for care of the minor in June, 1998. Pursuant to Article 7.1, the plaintiff is responsible for one-half of the unreimbursed expenses due since the date of the plaintiff's knowledge of the treatment.
The plaintiff is ordered to pay one-half of all unreimbursed mental expenses within ten (10) days of this order. In addition, future unreimbursed mental expenses shall be paid within ten (10) days of submission to the plaintiff. Failure to pay, in a timely fashion, future expenses of this nature will lead the court to examine the full panoply of its remedies for punitive action.
Since the court specifically finds that the failure to pay was a wilful and wanton disregard of an existing court order, the plaintiff is ordered to pay the wife's attorney, Gregory Lynch, $250.00 as attorney's fees within ten (10) days of the issuance of this order.
The defendant has NOT met her obligation to prove that plaintiff's failure to comply with Article 10.5 was contemptuous. She could not meet CT Page 8607 her burden, in equity, because she brought unclean hands to the process by her own failure to comply with the Article's requirements.
The obvious and fair consequence of the misconduct by both parties is to leave the court with no equitable manner to deal with child support prior to the date of September 8, 1999.
As it stands the provision of the agreement has proven itself to be unreliable and not protective of the minor child's interest in recovering her support. On and after the date of this order, each party WILL submit to the court a completed tax return by August 20 of each year. Failure to comply with this provision will raise adverse presumptions against the non-complying party.
Either party seeking a modification of child support based on the newly filed tax return will file a motion seeking modification on or before September 10 of each year.
Defendant's position on the issue of health insurance is untenable. Article VT of the Agreement controls and THE ONLY way to change the provisions of that Agreement is to ask the court for a modification. (Even at this late date the defendant had not moved to modify the health care provisions).
Sua Sponte, in the interest of judicial economy and the exercise equitable powers, the court modifies the medical insurance protection for the minor child by substituting the following language for Article 61.
 "The wife shall maintain medical, dental and hospitalization insurance, for the benefit of the minor child, as available through her employer. If there is a premium for coverage of the minor child, the plaintiff shall reimburse the defendant for 50% of the premium within ten (10) days of the first calendar day of each month. To determine the amount of reimbursement, the defendant will, annually, obtain a letter from the personnel officer of her employer delineating the cost for single coverage and the cost for coverage including the minor child. The difference between those two figures will constitute the amount expended for the benefit of the minor and the plaintiff shall reimburse the defendant for 50% of that amount in a timely fashion"
Finally, this court must determine the appropriate support payment to be made by the plaintiff. (It is noted that the parties did not prepare CT Page 8608 and submit guidelines worksheets.) In order to make this determination, the court makes the following findings:
1. plaintiff has an earning capacity of $90,000.00/annum;
2. defendant has actual earnings of $60,800.00/annum.
Based on these figures, the appropriate total support obligation is $329.00/week. According to the guidelines the plaintiff is responsible for 58% of that amount. Thus, as of September 8, 1999, the plaintiff's weekly support obligation was/is $190.82.
The parties are directed to share information about child support payments since September 8, 1999. These payments are to be audited and the arrearage, if any, determined through August 1, 2000. Commencing on August 1, 2000 the plaintiff will pay to the defendant, for the benefit of the minor child, the sum of current support in the amount of $190.82 together with $38.00/week on the arrearage until such time as all payments are current.
Should the parties be unable to agree on the arrearage due, the matter is referred to the Office of Family Relations for audit and mediation.
BRENNAN, J.